# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  KAYLEN MATOS,  Defendant. | CASE NO. 2:23-CR-121  CHIEF JUDGE MORRISON |

### SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by and through its counsel of record, hereby submits the following sentencing memorandum in the above-mentioned case. This sentencing memorandum is based upon the Presentence Investigation Report ("PSR") and any further evidence or argument as may be presented at any sentencing hearing in this matter.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/ Heidy Carr*
**HEIDY CARR (0093524)**
Special Assistant United States Attorney
**KEVIN KELLEY (0042406)**
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
E-mail: Heidy.Carr@usdoj.gov
        Kevin.Kelley@usdoj.gov

**MEMORANDUM**

Defendant, Kaylen Matos ("Matos"), is scheduled to appear before this court for sentencing on October 29, 2024. The United States respectfully requests that the court impose a sentence of imprisonment within the guidelines range calculated by the probation officer in the PSR. This request is based on the grounds that such a sentence is both reasonable and appropriate, given the circumstances of the case, and is legally supported.

The Probation Officer calculated Matos's advisory sentencing range under the United States Sentencing Guidelines as 63-78 months of imprisonment, based on a Total Offense Level of 19 and a Criminal History Category of VI. (PSR PAGEID #: 223). There are no outstanding objections to the PSR.

While the federal Sentencing Guidelines are not mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

(1) the nature and circumstances of the offense and the history and characteristics of defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law,

       and to provide just punishment for the offense;

  (B)  to afford adequate deterrence to criminal conduct;

  (C)  to protect the public from further crimes of the defendant; and

  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

  In the instant case, the United States believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of Matos.

  When discussing the nature and circumstances of the offense it is imperative to underscore the danger associated with firearms in the possession of individuals who are legally prohibited. The Government asserts that to adequately deter criminal behavior and safeguard the public from further offenses by the defendant, a term of imprisonment that is within the guidelines range is warranted. Matos's criminal record includes multiple previous firearm convictions and portrays obvious substance abuse issues and violence.

  In the present case, Matos not only possessed a *loaded* firearm with an extended magazine once more but was alleged to have committed another domestic violence offense. In addition, officers recovered approximately 4.59 grams of cocaine. It is evident that despite Matos's prior convictions, he persists on committing serious offenses, including possessing a firearm. Matos's history demonstrates that he has an inability to comply with court orders and continued to violate the law while on pretrial supervision for this case.

  Matos's background provides some degree of mitigation. According to the PSR, Matos experienced the passing of two important people in his life: his biological father and his best friend. (PSR ¶¶ 71 & 79). Matos also admitted to experiencing physical and sexual abuse growing up,

3

with sexual abuse being from his own brother. (PSR ¶ 78). Matos's relationships seem to be unstable, and the brother that he kept in touch with daily was just released from federal prison. (PSR ¶ 75). It is clear that Matos still struggles with his upbringing and counseling is crucial.

The Government contends that, although Matos's upbringing may have influenced his behavior later in life, his prior interactions with the criminal justice system did not deter him from continuing to engage in serious criminal activities. The Probation Officer determined that Matos was a criminal history category VI as he had 15 criminal history points. Among those convictions were at least three prior firearms offenses and two additional crimes of violence. Matos also incurred several Probation violations after release, and he has an additional five arrests for Domestic Violence that did not result in convictions. All of this suggests that his prior interactions with the criminal justice system have failed to correct his behavior and warrants a more severe sentence in the instant case.

Consistent with all these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment that within the guidelines range. The above-described circumstances suggest a sentence of this length is warranted under the sentencing guidelines. This sentence would also be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the United States submits that a term of imprisonment that is within the guidelines range is sufficient, but not greater than necessary, to satisfy the goals of

sentencing. Accordingly, the Government respectfully requests that the Court adopt the recommendation set forth in this memorandum as reasonable and appropriate in this case.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Heidy T. Carr*
HEIDY T. CARR (0093524)
Special Assistant United States Attorney
KEVIN KELLEY (0042406)
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 16th day of October 2024, via the Court's electronic filing system (ECF) upon counsel of record for the defendant.

*s/Heidy T. Carr*
HEIDY T. CARR
Special Assistant U.S. Attorney
